OPINION
{¶ 1} Appellant Adrien S. Brown appeals the sentence imposed by the Mahoning County Court of Common Pleas as a result of a Crim. R. 11 plea agreement involving three separate criminal cases. Appellant pleaded guilty to criminal trespass, possession of cocaine, and multiple counts of trafficking in crack cocaine. He was sentenced to an aggregate sentence of eight years in prison. Appellant contends that the trial court should not have deviated from the prosecutor's recommendation of five years in prison. The record reflects the court's reasoning for imposing a greater sentence than that recommended by the prosecutor, and the judgment is affirmed.
 {¶ 2} Appellant was indicted on April 5, 2007, in Case No. 2007 CR 336, on one count of possession of cocaine and one count of tampering with evidence. On April 26, 2007, he was indicted in a separate count of breaking and entering and one count of possession of cocaine in Case No. 2007 CR 455B. He entered into a Crim. R. 11 plea agreement on July 13, 2007. As part of the plea agreement, in Case No. 2007 CR 336, Appellant agreed to plead guilty to possession of cocaine, R.C. 2925.11(A), a fourth degree felony, and the tampering with evidence charge was dropped. In Case No. 2007 CR 455B, the second count was dropped and Appellant agreed to plead guilty to the lesser charge of criminal trespass, R.C. 2911.21(A)(1), a fourth degree misdemeanor.
 {¶ 3} On August 30, 2007, while Appellant was released on bond prior to sentencing, a third indictment issued against him in Case No. 2007 CR 1084, for eight counts of trafficking in crack cocaine. The violations occurred between May 24, *Page 2 
2007, and August 9, 2007. The charges, all arising from R.C. 2925.03(A)(1), ranged from fifth degree to second degree felonies. On November 6, 2007, Appellant entered into a plea agreement and pleaded guilty to six counts of trafficking in crack cocaine, and two counts were dropped. The state also agreed to dismiss the charge in a fourth case, Case No. 2007 CR 1211.
 {¶ 4} A sentencing hearing was held on January 2, 2008. In Case No. 2007 CR 336, the court imposed a sentence of twelve months in prison. In Case No. 2007 CR 455B, the court imposed a sentence of six months in jail, to be served concurrently with the sentence in the previous case. Finally, in Case No. 2007 CR 1084, the court imposed six separate prison terms on six counts of trafficking in crack cocaine. The court imposed consecutive five-year and three-year prison terms on counts 7 and 8, and concurrent terms of one year, one year, three years and three years for counts 1, 2, 4 and 6.
 {¶ 5} This appeal was filed on January 24, 2008.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN IMPOSING A TOTAL SENTENCE OF EIGHT YEARS WHERE THE STATE RECOMMENDED A FIVE YEAR SENTENCE, THE DEFENDANT AGREED TO SUCH A SENTENCE IN THE RULE 11 AGREEMENT, AND THE COURT FAILED TO FOREWARN THE DEFENDANT OF THE POSSIBILITY THAT IT COULD IMPOSE A LONGER SENTENCE, AND WHERE *Page 3 
THE RECORD DOES NOT JUSTIFY THE IMPOSITION OF SUCH A LONGER SENTENCE."
 {¶ 7} Appellant argues that the sentence is contrary to law, and is appealable as such under R.C. 2953.08(G). Appellant first attempts to raise issues relating to the holdings in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. These cases are cited for the proposition that a criminal defendant has the right to trial by jury, and that a jury rather than a trial judge must make all the essential factual findings necessary to imposing punishment in a felony case. Appellant goes on to cite State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which applied Apprendi andBlakely to Ohio, and which held that certain aspects of the felony sentencing statutes were unconstitutional because they allowed the trial judge to impose sentences based on judicial factfinding rather than based on facts found by a jury. Part of the remedy in Foster was that mandatory judicial factfinding was removed from the sentencing statutes, and trial judges were then free to use the general sentencing guidelines to impose sentences anywhere within the sentencing ranges prescribed for each crime.
 {¶ 8} Appellant contends that trial judges now have broad discretion in imposing felony sentences and are not bound by mandatory factfinding statutes, even though the general sentencing principles and factors found in R.C. 2929.11 and 2929.12 continue to apply afterFoster. Appellant asserts that the trial courts now *Page 4 
possess full discretion to impose felony sentences, and that reliance on the mandatory sentencing statutes overturned in Foster constitutes reversible error.
 {¶ 9} R.C. 2953.08(G)(2), which governs appellate review of felony sentences, states:
 {¶ 10} "* * * The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 11} "* * *
 {¶ 12} "(b) That the sentence is otherwise contrary to law." SeeState v. McLaughlin, 7th Dist. No. 07 MA 39, 2008-Ohio-3329; State v.Stroud, 7th Dist. No. 07 MA 91, 2008-Ohio-3187.
 {¶ 13} Under R.C. 2953.08(G)(2), appellate courts use a two-step approach in reviewing felony sentences. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912,896 N.E.2d 124, ¶ 4.
 {¶ 14} The record does not reflect that any objections were made by Appellant at any time prior to this appeal regarding the issues raised in Blakely and Foster. The Ohio Supreme Court has held that failure to raise a Blakely objection acts as a forfeiture on appeal regarding any issues arising from the holding of Blakely. State v. *Page 5 Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306. Further, Appellant does not point to any Foster error committed by the trial court. The court did not cite to any of the statutes that were declared unconstitutional in Foster, and did not engage in impermissible factfinding during sentencing.
 {¶ 15} Appellant next argues that the trial judge did not inform him of the maximum possible sentence that could be imposed and did not explain that the court could deviate from the prosecutor's sentencing recommendations. Appellant appears to be arguing that his plea was not made knowingly or voluntarily, although this is never actually stated in his brief on appeal. Yet, Appellant himself admits in his brief on appeal that he was aware of the maximum possible sentence and that the trial judge properly advised him of possible sentences. The record reflects that the judge in Case No. 2007 CR 455B specifically told Appellant he could receive up to 30 days in jail for the crime of criminal trespass, a fourth degree misdemeanor. (7/13/07 Tr., p. 10) The record reflects that the judge in Case No. 2007 CR 336 specifically told Appellant he could receive up to eighteen months in prison for the crime of possession of cocaine. (7/13/07 Tr., p. 8.) The record reflects that, for the six counts of trafficking in crack cocaine in Case No. 2007 CR 1084, the judge informed Appellant that he could be sentenced to up to 25 and 1/2 years in prison. (11/5/07 Tr., p. 5.) There does seem to be an error in the actual sentence imposed in Case No. 2007 CR 455B, because the trial court's judgment entry states that he imposed six months of incarceration instead of the maximum 30 days allowed for a fourth degree misdemeanor. (1/23/08 J.E.) Since this sentence was to be served *Page 6 
concurrently with the sentences in the other two cases, the court's error is now moot since it has been more than six months since Appellant began serving his sentence and he will continue to serve the remaining sentences regardless of the error in Case No. 2007 CR 455B.
 {¶ 16} Appellant goes on to argue that the trial court abused its discretion by sentencing him to eight years in prison. The reason for this alleged abuse of discretion is that the court disregarded the recommendation of the prosecutor and the victim in imposing the sentence. The prosecutor recommended an aggregate prison term of five years in prison.
 {¶ 17} Appellant acknowledges that the trial court is free to impose any lawful sentence, and may impose a greater sentence than that recommended by the prosecutor. State v. Buchanan, 154 Ohio App.3d 250,2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13. Appellant also agrees that a Crim. R. 11 plea agreement is not a bargain for a specific punishment, and that punishment is determined either by statute or left to the discretion of the sentencing judge. State v. Mathews (1982),8 Ohio App.3d 145, 146, 456 N.E.2d 539. Appellant's argument is merely that the court should have given more of an explanation of why it deviated from the prosecutor's recommendation. Normally, a court should explain why it imposes a sentence greater than recommended by the prosecutor, unless it is otherwise clear from the record. Akron v. Ragsdale (1978),61 Ohio App.2d 107, 109, 399 N.E.2d 119; State v. Gant, 7th Dist. No. 04 MA 252,2006-Ohio-1469. There are exceptions, though, to the general rule. As stated in Ragsdale: "In some cases, however, the facts *Page 7 
themselves speak so eloquently that no statement by the judge is required." Id. at 109.
 {¶ 18} The trial court specifically stated that it considered the purposes of felony sentencing in R.C. 2929.11, and the felony sentencing factors found in R.C. 2929.12. (1/2/08 Tr., p. 4.) The court noted that Appellant was part of an organized criminal operation, and that he was a drug dealer. He noted that Appellant committed the trafficking crimes while released on bond for the earlier charges. The court noted Appellant's prior criminal convictions and concluded that he was a "professional criminal." (1/2/08 Tr., p. 5.) Thus, the court more than adequately explained why it deviated from the prosecutor's recommendation, and there is no reversible error in this case. Appellant's sole assignment of error is overruled.
 {¶ 19} Although it appears there may be a mistake in one of the three sentencing judgment entries in this case, the error is moot. The court sentenced Appellant to six months of incarceration in Case No. 2007 CR 455B, when it appears from the record that the maximum sentence was 30 days. The sentence in that case, though, was ordered to be served concurrently with two other cases. In Case No. 2007 CR 1084, Appellant received an eight-year prison term, and thus, Appellant will not be prejudiced by the error in Case No. 2007 CR 455B. Appellant's other argument, that the trial court improperly deviated from the sentence recommended by the prosecutor, is not supported by the record. It is clear from the record why the court imposed a harsher sentence than that recommended by the prosecutor. The judgment of the trial court is affirmed. *Page 8 
Vukovich, P.J., concurs.
DeGenaro, J., concurs in judgment only. *Page 1