[Cite as *State v. Toney*, 2011-Ohio-2464.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 20 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| HERMAN TONEY | ) | |
| aka ROCKY COLLINS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 09 CR 1083

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:    Atty. Stephen M. Maszczak
3722 Starrs Centre Drive, Suite B
Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  May 18, 2011

WAITE, P.J.

{1}    Appellant Herman A. Toney, aka Herman A. Tony, aka Rocky Collins, is appealing his 14-month prison sentence following his guilty plea for felony theft and felony obstruction of justice.  The maximum possible prison term for the two crimes was thirty months.  The prosecutor recommended a 12-month prison term, and Appellant believes the trial court committed reversible error when it did not accept the prosecutor's recommendation and did not explain why the recommendation was not followed.  The trial court has the discretion to disregard a prosecutor's recommended sentence, and no abuse of discretion is indicated in the record of this case.  The judgment of the trial court is affirmed.

{2}    Appellant was indicted on October 8, 2009, on one count of theft, R.C. 2913.02(A)(3), a fourth degree felony; one count of tampering with evidence, R.C. 2921.12(A)(1), a third degree felony; and one count of identity fraud, R.C. 2913.49(B)(1), also a third degree felony.  On November 17, 2009, Appellant entered into a written Crim.R. 11 plea agreement.  He pleaded guilty to a fourth-degree felony count of theft and one count of obstructing justice, R.C. 2921.32(A)(6), a fifth-degree felony.  The remaining charges in the indictment were dropped, and the prosecutor agreed to recommend a 12-month prison term.  After a plea hearing, the guilty plea was accepted and sentencing was scheduled for January 12, 2010.  At sentencing, the court noted that Appellant had used eighteen different aliases during his criminal career, he had a lengthy criminal record, and that the victim was an elderly woman. (Tr., pp. 9-10.)  The prosecutor repeated its 12-month prison term recommendation, but the court decided to impose fourteen months for the theft charge and twelve

months for obstruction of justice, to be served concurrently. This timely appeal followed.

ASSIGNMENT OF ERROR

**{3}** "THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN IMPOSING A TOTAL SENTENCE OF FOURTEEN MONTHS WHERE THE STATE RECOMMENDED A 12 MONTH SENTENCE, THE DEFENDANT AGREED TO SUCH A SENTENCE IN THE RULE 11 AGREEMENT, AND THE RECORD DOES NOT JUSTIFY THE IMPOSITION OF SUCH A LONGER SENTENCE."

**{4}** Appellant contends that the trial court abused its discretion when it failed to impose the sentence recommended by the prosecutor and failed to explain why it did not follow the recommendation.

**{5}** Based on the felony sentencing review statute, R.C. 2953.08(G)(2), the Ohio Supreme Court has held that the appellate courts must use a two-prong approach when dealing with sentencing issues: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4 (O'Connor, J., plurality opinion), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{6}** The analysis of whether a sentence is clearly and convincingly contrary to law hinges on a trial court's "compliance with all applicable rules and statutes" in imposing the sentence. *Kalish*, at ¶26. For example, a trial court's sentence does not demonstrate compliance if it falls outside of the permissible statutory range, contravenes a statute, or is decided pursuant to an unconstitutional statute. See *State v. McGowan*, 7th Dist. No. 09 JE 24, 2010-Ohio-1309, at ¶66. In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *State v. Gray*, 7th Dist. No. 07 MA 156, 2008-Ohio-6591, at ¶8, citing *Kalish* ¶13-14 (O'Connor, J., plurality opinion). Typically, a trial court is expected to at least make a "rote recitation" that it considered these two statutes, but even a silent record raises a rebuttable presumption that the sentencing court considered all the proper criteria. *State v. Merriweather*, 7th Dist. No. 09 MA 160, 2010-Ohio-2279, ¶8; *State v. Ballard*, 7th Dist. No. 08 CO 13, 2009-Ohio-5472, ¶71; *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50.

**{7}** If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for an abuse of discretion. *Kalish* at ¶17, 19-20. An abuse of discretion means more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Thus, in the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and R.C. 2929.12." *State v. Heverly*, 7th Dist. No. 09 CO 4, 2010-Ohio-1005, ¶34. Although the trial court formerly was

required to engage in detailed judicial factfinding in order to justify imposing maximum or consecutive sentences, this is no longer the case. *Foster,* supra, paragraph seven of the syllabus. The decision to impose maximum or consecutive sentences is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory factfinding provisions. Id. *Foster* also held that the section of the felony sentencing review statute, R.C. 2953.08(G), requiring review of the trial court's mandatory findings of fact at sentencing, was no longer applicable. Id. at ¶99.

{8} Appellant does not cite to any relevant fact or law to indicate that his sentence is clearly and convincingly contrary to law. Appellant's sole allegation is that the trial court abused its discretion by imposing a slightly longer prison term than recommended by the prosecutor. Although a prosecutor may agree to recommend a specific prison term as part of a Crim.R. 11 plea agreement, the resulting plea agreement is not a bargain requiring a specific punishment to be meted out; the actual punishment is left to the discretion of the sentencing judge. *State v. Brown*, 7th Dist. No. 08 MA 13, 2009-Ohio-1172, ¶17; *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 456 N.E.2d 539. A trial court is free to impose any lawful sentence, and may impose a greater sentence than that recommended by the prosecutor. *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶13. Courts may deviate from the prosecutor's recommendation in sentencing even when the recommended sentence induces the defendant to plead guilty to an offense. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶8, citing *Buchanan*.

Normally, a court should explain why it imposes a sentence greater than that recommended by the prosecutor, unless it is otherwise clear from the record. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 119; *State v. Gant*, 7th Dist. No. 04 MA 252, 2006-Ohio-1469. There are exceptions, though, to the general rule. As stated in *Ragsdale*: "In some cases, however, the facts themselves speak so eloquently that no statement by the judge is required." Id. at 109, 399 N.E.2d 119.

**{9}** The record reflects a number of reasons why the court imposed a 14-month prison sentence in this case. The court pointed out that Appellant had used eighteen different aliases during his criminal career, and identity fraud was one of the crimes charged in the original indictment. The court noted Appellant's lengthy criminal record, and specifically mentioned that the victim was an elderly woman. The trial court explained to Appellant what the maximum penalties for the charges as pleaded were during the plea hearing, and specifically told him that "[s]entencing is always up to the Judge. It is not up to you, your lawyer, or the prosecutor." (11/16/09 Tr., p. 7). A defendant who is advised by the court of the maximum sentence that he may receive has knowledge that the court is not bound by the state's agreement to recommend a lesser sentence. *State v. Darmour* (1987), 38 Ohio App.3d 160, 160-161, 529 N.E.2d 208.

**{10}** It is also clear from the record that Appellant's plea bargain substantially reduced the potential penalty in this case by reducing the number of charges against him as well as the severity of the charges. Appellant was originally charged with three felony crimes that carried a combined potential prison term of

eleven and one-half years. The subsequent plea bargain resulted in convictions for one fourth-degree felony and one fifth-degree felony, with a potential prison term of two and one-half years. A sentencing court can consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Starkey*, 7th Dist. No. 06MA110, 2007-Ohio-6702, ¶2; *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895; *State v. Burton* (1977), 52 Ohio St.2d 21, 23, 368 N.E.2d 297.

**{11}** Even if the record had been completely silent as to the reasons that the trial court imposed a 14-month sentence, the court's sentencing decision would be presumed to be correct. *Kalish*, supra, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶18, fn. 4. Here, the record is not silent, and there is no indication any abuse of discretion exists in imposing a sentence that is two months longer than the sentence recommended by the prosecutor. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.