[Cite as *State v. Curry*, 2013-Ohio-4195.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 99606 and 99607

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHERMAN A. CURRY

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-565250 and CR-563449

**BEFORE:** Stewart, A.J., Jones, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 26, 2013

**ATTORNEY FOR APPELLANT**

Michael Westerhaus
14255 Peppercreek Drive
Strongsville, OH    44136


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Fallon Radigan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1. In this consolidated appeal, defendant-appellant Sherman A. Curry appeals from the judgments of the Cuyahoga County Court of Common Pleas that sentenced him to four years in prison for second- and third-degree felony burglary offenses. For the reasons stated below, we reverse the decision of the trial court and remand this matter for resentencing.

{¶2} Curry committed two burglaries — the first occurring on May 25, 2012, and the second on June 4, 2012. On both occasions, Curry and a co-defendant entered the homes of the victims and took items of value. These burglaries happened during the night when the victims were sleeping.

{¶3} On January 8, 2013, in Cuyahoga C.P. No. CR-565250, Curry pled guilty to one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. In Cuyahoga C.P. No. CR-563449, Curry pled guilty to one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. On February 7, 2013, the trial court sentenced Curry to four years in the first case and four years in the second case. The sentences were ordered to run concurrently.

{¶4} On appeal, Curry's sole assignment of error is that his four-year sentence for a third-degree burglary offense in CR-563449 is contrary to law. We agree.

{¶5} R.C. 2929.14(A) states:

Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (E), (G), (H), or (J) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years.

(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.

(3) (a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code *if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings* to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

(b) For a felony of the third degree *that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months*.

(Emphasis added.)

{¶6} The appellate court's standard for review is not whether the sentencing court abused its discretion. Rather under R.C. 2953.08(G)(2), the court may take any action authorized under this provision if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) that the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶7}** The analysis of whether the sentence is clearly and convincingly contrary to law hinges on a sentencing court's "compliance with all applicable rules and statutes in imposing the sentence." (Citation omitted.) *State v. Toney*, 7th Dist. Mahoning No. 10 MA 20, 2011-Ohio-2464, _ 6. Sentences that fall outside of the permissible statutory range, contravene a statute, or are decided pursuant to an unconstitutional statute are contrary to law. *Id.*

**{¶8}** In this case, the record reflects that Curry has no prior criminal record. Therefore, the ability to impose a four-year sentence pursuant to R.C. 2929.14(A)(3)(a) is inapplicable. R.C. 2929.14(A)(3)(b) applies to his conviction in CR-563449, and the maximum prison term Curry could have been sentenced to was 36 months under the statute. Since four years is beyond the statutory range, the sentence is contrary to law. Curry's assignment of error is sustained.

**{¶9}** This cause is reversed and remanded to the trial court for resentencing.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
TIM McCORMACK, J., CONCUR