[Cite as *State v. Howell*, 2019-Ohio-1806.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHELLY L. HOWELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MO 0018**

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2017-047

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, 101 North Main Street, Room 15, P.O. Box 430, Woodsfield, Ohio 43793-0430, for Plaintiff-Appellee

*Atty. Desirae Dipiero*, 8256 E. Market Street, Suite 111, Warren, Ohio 44484, for Defendant-Appellant.

Dated: May 7, 2019

---

**WAITE, P.J.**

**{¶1}** Appellant Shelly L. Howell appeals a September 28, 2017 Monroe County Common Pleas Court judgment entry convicting her of one count of trafficking in heroin. Appellant argues that the trial court failed to adequately advise her of her term of postrelease control and the penalties she might face should she violate postrelease control. Based on this, she argues that she did not enter her plea knowingly, voluntarily, and intelligently. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** On August 3, 2016, Appellant and a codefendant were arrested after the Monroe County Sheriff's Department conducted a controlled buy of narcotics. On February 24, 2017, Appellant was indicted on one count of trafficking in heroin, a felony of the fourth degree in violation of R.C. 2925.03. Appellant pleaded guilty to the sole count as charged. The state agreed to recommend probation conditioned on successful completion of the residential drug and alcohol treatment program at the Eastern Ohio Correctional Center ("EOCC").

**{¶3}** On September 28, 2017, the trial court sentenced Appellant to three years of community control and required completion of the EOCC treatment program. Relevant to this appeal, the trial court imposed a three-year discretionary term of postrelease control. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE APPELLANT OF THE TERM OF HER OPTIONAL POSTRELEASE CONTROL AND THE PENALTIES FOR A VIOLATION THEROF [SIC]. AS A RESULT,

<u>Case No. 17 MO 0018</u>

APPELLANT WAS NOT ADVISED OF THE MAXIMUM PENALTY AND HER PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.

{¶4} Appellant argues that the trial court failed to adequately advise her of the applicable postrelease control term. Because the court failed to specify the number of years she would be subject to postrelease control and of the consequences for a violation, she contends that she did not enter her plea knowingly, intelligently, and voluntarily.

{¶5} In response, the state argues that the court did not sentence Appellant to a prison term, and so was not required to advise her of postrelease control. Regardless, the trial court advised Appellant at the plea hearing of her postrelease control term and the consequences she might face if she violated postrelease control.

{¶6} Before a trial court may accept a defendant's guilty plea, the court must inform the defendant of five constitutional rights. *State v. Rowbotham*, 173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, ¶ 7 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. The constitutional rights are outlined within Crim.R. 11(C)(2)(c):

> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Case No. 17 MO 0018

**{¶7}** The trial court must also notify the defendant of her nonconstitutional rights. The court's dialogue regarding nonconstitutional rights is reviewed for substantial compliance. *Rothbotham*, *supra*, at ¶ 18. The nonconstitutional rights are described within Crim.R. 11(C)(2):

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Advisement as to postrelease control falls within a defendant's nonconstitutional rights. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 19-26.

**{¶8}** "Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." *Sarkozy, supra*, at ¶ 20. If the trial court completely neglects to advise a defendant of a nonconstitutional right, the plea is vacated without a prejudice analysis. *State v. Cruz-Ramos,* 2019-Ohio-779, -- N.E.3d -- (7th Dist.), citing *Sarkozy* at ¶ 22, 25. However, if the trial court partially complies with the rule, the plea will only be vacated if prejudice is shown. *Id.* citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. In order to establish prejudice, the defendant must show that the plea would not have been otherwise entered. *State v. Cologie,* 7th

Dist. Belmont No. 17 BE 0009, 2017-Ohio-9217, ¶ 11, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶9}** At the plea hearing, the trial court stated:

If you serve any prison time for this felony four charge to which you're going to be pleading guilty, after your prison time is served, you may be put on Post Release Control at the time of your release.

Post Release Control is when the Parole Board decides after a prison sentence that they want to supervise an individual, and they have terms and conditions, rules and regulations that they have to follow, and failure to abide by your Post Release Control could basically end up in additional prison sentence for you.

(7/10/17 Hrg. Tr., pp. 8-9.)

**{¶10}** The trial court clearly raised the issue of postrelease control. While it appears the trial court's discussion of this matter falls short, we need not reach the issue of whether the trial court's advisement regarding postrelease control rose to the level of substantial compliance with the Crim.R. 11 requirements because Appellant has not alleged any claim of prejudice and a review of this record does not reveal any possible prejudice. One factor regarding prejudice is the length of sentence. This record shows Appellant would face a significantly harsher penalty if her plea is vacated. Based on the terms of her plea agreement, she was sentenced to three years of probation conditioned on successful drug and alcohol treatment. The possible penalty without the benefit of a

Case No. 17 MO 0018

plea agreement is six to eighteen months of incarceration, a $5,000 fine, a possible driver's license suspension, and a three-year optional postrelease control term. Perhaps in recognition of this, at no time in her appeal does Appellant even raise the issue of prejudice. Without proving that she suffered prejudice, Appellant's plea will not be vacated. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

{¶11} Appellant argues that the trial court failed to adequately advise her of the possible term of postrelease control for a violation. Appellant has not argued that she suffered any prejudice for this alleged failure. Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**