[Cite as *State v. Frye*, 2025-Ohio-569.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH E. FRYE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0028**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2024 CR 94

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, and *Atty. Danielle Menning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Brian A. Smith,* Brian A. Smith Law Firm, LLC, for Defendant-Appellant.

Dated: February 20, 2025

**DICKEY, J.**

{¶1} Appellant, Joseph E. Frye, appeals from the June 25, 2024 judgment of the Columbiana County Court of Common Pleas consecutively sentencing him to a total of 32 years in prison for three counts of illegal use of a minor or impaired person in nudity oriented material or performance and 11 counts of pandering obscenity involving a minor or impaired person and labeling him a Tier II Sex Offender following a guilty plea. On appeal, Appellant takes issue with his plea and sentence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 7, 2024, Appellant was secretly indicted by the Columbiana County Grand Jury on 40 counts: five counts of illegal use of a minor or impaired person in nudity oriented material or performance, felonies of the second degree in violation of R.C. 2907.323(A)(2); and 35 counts of pandering obscenity involving a minor or impaired person, felonies of the fourth degree in violation of R.C. 2907.321(A)(5). The charges stem from Appellant's involvement in video recording A.F., his minor daughter, in her bedroom and bathroom. In addition, a number of images of child pornography were discovered on Appellant's devices. Appellant was appointed counsel and pled not guilty at his arraignment.

{¶3} Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio. A change of plea hearing was held on April 12, 2024. Appellant admitted to committing these acts and to downloading child pornography. Appellant withdrew his former not guilty plea and entered a guilty plea to 14 counts: three counts of illegal use of a minor or impaired person in nudity oriented material or performance, felonies of the second degree; and 11 counts of pandering obscenity involving a minor or impaired person, felonies of the fourth degree.

{¶4} At the plea hearing, the trial judge informed Appellant that if the court accepted his plea, it could proceed to judgment and consecutively sentence him. On counts one through three (illegal use of minor or impaired person in nudity oriented material or performance) and on counts six through 16 (pandering obscenity involving a minor or impaired person), the trial judge referenced the statutory maximum sentences

and monetary fines.  Appellant replied that he understood the explanation of his possible sanctions and penalties.  The judge asked Appellant if he had any questions about the plea.  Appellant responded, "No."  (4/12/2024 Plea Hearing Tr., p. 23).

{¶5}    A felony plea agreement was filed on April 18, 2024.  The written plea form, which Appellant went over with his counsel and affixed his signature, indicated Appellant agreed to plead guilty to counts one through three and to counts six through 16.  The State moved to dismiss counts four, five, and 17 through 40.  Appellant understood and agreed the State would "[r]ecommend the following sentence be imposed: An agreed upon 23-25 year term of incarceration in a state correctional facility (4 years on Count[s] 1-3 to be run consecutive to one another, 1 year on Counts 6-16 to be run consecutive to one another and consecutive to Counts 1-3)."  (4/18/2024 Felony Plea Agreement, p. 1).  Apparently, one of the second-degree felony offenses had a four to six year indefinite sentencing range.  *See* (4/12/2024 Plea Hearing Tr., p. 31).  However, the date of the offenses was later amended to March 20, 2019, prior to the Reagan Tokes Law.  The written plea form further states, "The Defendant understands that the Judge is not a party to this agreement and is not bound by it."  (4/18/2024 Felony Plea Agreement, p. 2).

{¶6}    On April 18, 2024, the trial court accepted Appellant's guilty plea to counts one through three and six through 16 after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The parties waived a PSI and the trial court deferred sentencing.

{¶7}    At the June 20, 2024 sentencing hearing, pursuant to the plea hearing and Crim.R. 11 agreement, the State again argued for a 23-year sentence (four years on counts one through three, consecutive to one another, and 12 months on counts six through 16, consecutive to one another and consecutive to counts one through three).

{¶8}    S.F., Appellant's sister, indicated that Appellant is a "pedophile."  (6/20/2024 Sentencing Hearing Tr., p.15).  S.F. said when she was 13 or 14 years old, Appellant admitted to putting a camera in her bathroom, watching her, and sending those images to others.  S.F. stated, "There is no fix for the damage he's done, and the trauma he's inflicted[,] [a]nd there will never be forgiveness."  (*Id.* at p. 15-16).  S.F. described Appellant as being "[s]ick and depraved[.]"  (*Id.* at p. 15).  S.F. said Appellant "deserves to spend the rest of his life in prison for all the pain he's caused."  (*Id.* at p. 16).

**{¶9}** A.F., Appellant's minor daughter, indicated she was 12 years old and in her father's care when these "heinous crimes were committed against [her]." (*Id.* at p. 17). A.F.'s life has been impacted in a "deeply painful way" and she has "horrible anxiety." (*Id.*) A.F. stated:

> Your Honor, I hope you take into consideration how [Appellant's] actions have and will affect me for the rest of my life, and the danger he has put me in when making your final ruling.
>
> My wish is that he never sees the outside of a cell so that he is never able to hurt or violate another child in the way that he has me.

(*Id.* at p. 18).

**{¶10}** Defense counsel asked the court to impose the agreed-upon 23-year sentence and Appellant apologized for his actions. The trial judge interjected and stated the following:

> THE COURT: I mean, you can apologize for an accident, Mr. Frye, but this is hardly an accident. This was intentional conduct. Something you chose to do over, and over, and over again. And you have a past history of doing it. And this is your own family.
>
> So how can you just apologize?
>
> . . .
>
> . . . I will tell counsel I'm not inclined to follow the plea agreement in this case. I think the conduct is much more serious.
>
> . . .
>
> I have considered the record, the information presented at this hearing, I have considered the statement by or on behalf of any victim, the principles and purposes of sentencing under Revised Code 2929.11. I balanced the seriousness and recidivism factors of Revised Code 2929.12.

Again, the record is more substantial now that I understand the nature of the offenses involving family members, and also considering the past history.

I do think that the conduct is more egregious than perhaps what springs just from the paper itself.

On Counts 1 [through] 3 - - and, again, I recognize this is a jointly recommended sentence, but I'm not inclined to follow it because of the magnitude of the harm in this case.

On Counts 1 through 3, I'm going to sentence Mr. Frye to a seven-year term of incarceration on each count. I'm going to order that they be served consecutively to one another. And on Counts 6 through 16, I will follow the recommendation of one-year on each count to be run consecutive to one another and consecutive to Counts 1 [through] 3.

In imposing consecutive sentences on Mr. Frye, I do find that they are necessary to protect the public from future crime, to punish the offender, that consecutive sentences are not disproportionate to the seriousness of his conduct, and the danger he poses to the public, and that at least two of the multiple offenses were committed as part of a course of conduct, and the harm caused by the offense was so great or unusual that no single prison term adequately reflects the seriousness of his conduct.

The offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender.

(*Id.* at p. 21-24).

{¶11} On June 25, 2024, the trial court sentenced Appellant to seven years on each of the three counts for illegal use of a minor or impaired person in nudity oriented material or performance and 12 months on each of the 11 counts for pandering obscenity

involving a minor or impaired person. All counts were ordered to be served consecutively, for a total prison term of 32 years, with 132 days of jail-time credit. The court labeled Appellant a Tier II Sex Offender and subjected him to five years of mandatory post-release control.

{¶12} Appellant filed a timely appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**APPELLANT'S GUILTY PLEAS WERE NOT KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY MADE, BECAUSE THE TRIAL COURT FAILED TO ADVISE APPELLANT THAT IT COULD DEVIATE FROM THE AGREED-UPON OR STIPULATED SENTENCE BETWEEN APPELLANT AND THE STATE PRIOR TO ACCEPTING APPELLANT'S GUILTY PLEAS BY IMPOSING A GREATER SENTENCE ON ONE OR MORE COUNTS, OR A GREATER TOTAL AGGREGATE PRISON SENTENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.**

{¶13} In his first assignment of error, Appellant argues his guilty plea was not made in a knowing, intelligent, and voluntary manner because the trial court did not advise him that it could deviate from the agreed-upon sentence between him and the State and, thus, erred in imposing a greater sentence.

{¶14} Guilty pleas are governed by Crim.R. 11(C), which states in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶15}** The notice requirements for constitutional rights, outlined within Crim.R. 11(C)(2)(c), are reviewed for strict compliance. *See State v. Howell*, 2019-Ohio-1806, ¶ 6 (7th Dist.); *State v. Daviduk*, 2019-Ohio-1132, ¶ 14 (7th Dist.).

**{¶16}** The notice requirements for non-constitutional rights, outlined within Crim. R. 11(C)(2)(a)-(b), are reviewed for substantial compliance. *Howell* at ¶ 7. Regarding these non-constitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; instead, the trial court must substantially comply with its mandates." *State v. Root*, 2007-Ohio-7202, ¶ 14 (7th Dist.), citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Nero* at 108. "The test is whether the plea would have otherwise been made." *Id.*

**{¶17}** In this case, Appellant takes issue with his guilty plea alleging that the trial court did not properly advise him of his non-constitutional rights. Specifically, Appellant

asserts the court erred in failing to advise him that it was not bound by the 23-year joint sentencing recommendation pursuant to his plea agreement.  Contrary to Appellant's arguments, the record reveals the trial court substantially complied with the non-constitutional notice provisions under Crim.R. 11.

**{¶18}** Regarding the non-constitutional provisions, under Crim.R. 11(C)(2)(a)-(b), the trial court determined at the plea hearing that Appellant had signed the plea agreement voluntarily, reviewed it with his attorney, and had no further questions.  The court also determined Appellant signed the responses to the court voluntarily, that he reviewed the responses with his attorney, that he had no further questions, and that the responses were Appellant's responses written out by defense counsel.  The court further determined Appellant reviewed the judicial advice with his counsel and had no questions.

**{¶19}** The trial court also advised Appellant of the elements of the offenses he was pleading guilty to and Appellant indicated he understood.  The court advised Appellant of the minimum and maximum penalties and monetary fines he was facing and Appellant indicated he understood.  The court also informed Appellant that upon acceptance of the plea, it could proceed to judgment and sentence.  The judge asked Appellant if he had any questions about the plea.  Appellant responded, "No."  (4/12/2024 Plea Hearing Tr., p. 23).

**{¶20}** In addition to verbally advising Appellant regarding the maximum sentence he could serve, Appellant was presented with three written documents revealing the potential maximum.  *See* (4/18/2024 Defendant's Response to Court); (4/18/2024 Judicial Advice to Defendant); (4/18/2024 Felony Plea Agreement).  The written plea form, signed by Appellant, also states, "The Defendant understands that the Judge is not a party to this agreement and is not bound by it."  (4/18/2024 Felony Plea Agreement, p. 2).  The court accepted Appellant's guilty plea on the basis that it determined the plea was entered into knowingly, intelligently, and voluntarily pursuant to Crim.R. 11.

**{¶21}** The record reveals Appellant was aware that the trial court was not obligated to follow the joint sentencing recommendation and thus, the court did not err in its deviation.  *See State v. Martinez*, 2004-Ohio-6806, ¶ 8 (7th Dist.) (Courts may deviate from the prosecutor's recommendation in sentencing even when the recommended sentence induces the defendant to plead guilty to an offense); *State v. Buchanan,* 2003-

Ohio-4772, ¶ 13 (5th Dist.) (A trial court is free to impose any lawful sentence and may impose a greater sentence than that recommended by the prosecutor).

**{¶22}** Accordingly, Appellant's guilty plea was entered knowingly, intelligently, and voluntarily. At issue here, the trial court substantially complied with the non-constitutional notice provisions under Crim.R. 11(C)(2)(a)-(b). Appellant fails to establish any resulting prejudice. Appellant's 32-year sentence is not contrary to law. *See* R.C. 2953.08(G); R.C. 2929.14(A)(2)(b) and (4).

**{¶23}** Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**APPELLANT'S SENTENCE WAS CONTRARY TO LAW, BECAUSE THE TRIAL COURT'S ACTIONS, IN FAILING TO ADVISE APPELLANT THAT IT COULD DEVIATE FROM THE AGREED-UPON OR STIPULATED SENTENCE BETWEEN APPELLANT AND THE STATE BY IMPOSING A GREATER SENTENCE ON ONE OR MORE COUNTS, OR A GREATER TOTAL AGGREGATE PRISON SENTENCE, AMOUNTED TO AN ACCEPTANCE OF THE PARTIES' JOINTLY RECOMMENDED AND AGREED-UPON SENTENCE, AND THE TRIAL COURT IMPOSED A SENTENCE ON APPELLANT GREATER THAN THE JOINTLY RECOMMENDED AND AGREED-UPON SENTENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.**

**{¶24}** In his second assignment of error, Appellant contends his sentence is contrary to law. Appellant again asserts the trial court failed to advise him that it could deviate from the agreed-upon sentence and thus, erred in imposing a greater sentence.

**{¶25}** This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶26}** R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

**{¶27}** "Applying the plain language of R.C. 2953.08(G)(2), [the Supreme Court of Ohio held] that an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, 2016-Ohio-1002, at ¶ 1.

Although a prosecutor may agree to recommend a specific prison term as part of a Crim.R. 11 plea agreement, the resulting plea agreement is not a bargain requiring a specific punishment to be meted out; the actual punishment is left to the discretion of the sentencing judge. *State v. Brown,* 7th Dist. No. 08 MA 13, 2009-Ohio-1172, ¶ 17; *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 456 N.E.2d 539. A trial court is free to impose any lawful sentence, and may impose a greater sentence than that recommended by the prosecutor. *State v. Buchanan,* 154 Ohio App.3d 250,

2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13. Courts may deviate from the prosecutor's recommendation in sentencing even when the recommended sentence induces the defendant to plead guilty to an offense. *State v. Martinez,* 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 8, citing *Buchanan.*

*. . .*

*State v. Toney*, 2011-Ohio-2464, ¶ 8 (7th Dist.).

**{¶28}** As addressed, the record reveals Appellant was aware that the trial court was not obligated to follow the joint sentencing recommendation and thus, the court did not err in its deviation. *See Martinez*, 2004-Ohio-6806, at ¶ 8 (7th Dist.). The court indicated on the record that it was not going to follow the plea agreement due to the seriousness of Appellant's conduct. *See* (6/20/2024 Sentencing Hearing Tr., p. 21-24). Specifically, the court stated:

> Again, the record is more substantial now that I understand the nature of the offenses involving family members, and also considering the past history.
>
> I do think that the conduct is more egregious than perhaps what springs just from the paper itself.

(*Id.* at p. 23).

**{¶29}** There was some discussion at the sentencing hearing as to whether the deviation from the plea agreement created an opportunity for an automatic withdrawal of Appellant's guilty plea. *See* (*Id.* at p. 21-22). However, Appellant did not make any attempt to withdraw his plea nor was he prevented from making such a motion either prior to the imposition of his sentence or after. The record does not establish that Appellant would not have proceeded with his plea due to the deviation in his sentence. Although the trial court acted within its discretion and imposed a longer sentence, Appellant still received a significant bargain from the plea agreement as the court dismissed 26 other counts. *See Brown*, 2009-Ohio-1172, ¶ 17 (7th Dist.); *Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.).

Case No. 24 CO 0028

**{¶30}** The trial court sentenced Appellant within the statutory ranges for his second and fourth degree felony offenses. Specifically, Appellant was consecutively sentenced to seven years in prison following a guilty plea on three counts of illegal use of a minor or impaired person in nudity oriented material or performance, felonies of the second degree in violation of R.C. 2907.323(A)(2). Thus, Appellant's sentence is within the statutory range for the second degree felony offenses. *See* R.C. 2929.14(A)(2)(b) ("For a felony of the second degree committed prior to March 22, 2019, the prison term shall be a definite term of two, three, four, five, six, seven, or eight years.") Appellant was also consecutively sentenced to 12 months in prison following a guilty plea on 11 counts of pandering obscenity involving a minor or impaired person, felonies of the fourth degree in violation of R.C. 2907.321(A)(5). Thus, Appellant's sentence is within the statutory range for the fourth degree felony offenses. *See* R.C. 2929.14(A)(4) ("For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.") The record further reveals the trial court properly advised Appellant regarding post-release control. Accordingly, Appellant's 32-year sentence is not contrary to law. *See* R.C. 2953.08(G).

**{¶31}** Appellant's second assignment of error is without merit.

## CONCLUSION

**{¶32}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The June 25, 2024 judgment of the Columbiana County Court of Common Pleas consecutively sentencing Appellant to a total of 32 years in prison for three counts of illegal use of a minor or impaired person in nudity oriented material or performance and 11 counts of pandering obscenity involving a minor or impaired person and labeling him a Tier II Sex Offender following a guilty plea is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 24 CO 0028

[Cite as *State v. Frye*, 2025-Ohio-569.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**