[Cite as *State v. Daviduk*, 2019-Ohio-1132.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JONATHON DAVIDUK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.17 MA 0167**

---

Criminal Appeal from the
Court of Commom Pleas of Mahoning County, Ohio
Case No.17 CR 420

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed; Remand for Nunc Pro Tunc Entry

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Appellee and

*Atty. Jennifer Simon*, 4410 Market Street, Youngstown, Ohio 44512, for Appellant.

Dated:  March 25, 2019

_____

**D'APOLITO, J.**

{¶1}   Appellant Jonathon Daviduk appeals the judgment entry of the Mahoning County Court of Common Pleas denying his motion to withdraw his guilty plea.  Having reviewed the record, we find that Appellant's plea was voluntarily entered, the trial court did not abuse its discretion in overruling the motion, and Appellant has failed to demonstrate ineffective assistance of counsel.  Accordingly, the judgment of the trial court is affirmed.

## **Facts and Procedural History**

{¶2}   On May 25, 2017, Appellant was indicted for one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1)(C), a felony of the first degree; one count of Robbery, in violation of R.C. 2911.01(A)(2)(B), a felony of the second degree; and one count of Kidnapping, in violation of R.C. 2905.01(A)(2)(C), a felony of the second degree. He signed a waiver of speedy trial rights on June 29, 2017 and trial was scheduled for July 31, 2017, then continued to August 28, 2017.  On August 25, 2017, the trial court was notified that a plea agreement had been reached.

{¶3}   At the plea hearing on August 28, 2017, Appellant announced that he wanted to go to trial and requested new counsel.  Appellant subsequently withdrew the request for new counsel and the trial was scheduled to begin the following day.  Plea negotiations resumed prior to the commencement of trial on August 29, 2017, and Appellant decided once again that he wanted to accept the state's plea offer.

{¶4}   At the beginning of the plea hearing on August 29, 2017, the trial court inquired: "So what's different today from yesterday?"  Appellant responded:

Well, I was being stupid.  I want to apologize to you for the way I was acting. It was – I got a daughter that's on the way, that I didn't want to spend the rest of my life in prison on this.  I would rather take the deal and raise my daughter when she's born.

Case No. 17 MA 0167

(8/29/17 Tr. 2).

**{¶5}** The trial court explained the rigorous demands of conducting a trial, including the preparation of evidence and argument by counsel, the subpoenaing of witnesses, and the summoning of jurors. After acknowledging that counsel, the witnesses, and the prospective jurors were present at the courthouse and ready to proceed, the trial court stated, "This is not something where it's a ping pong game. This is where you gotta [sic] make up your mind. Whether you like it or not. That's the bottom line. And once you make up your mind, we all have to live with it." (*Id. at* 3).

**{¶6}** Next, the trial court addressed Appellant's previous concerns regarding his trial counsel. The trial court asked, "Yesterday you indicated that you wanted to get a different lawyer and that you were unhappy. I just want to make sure that you're not just saying that. Are you completely satisfied with his legal representation and advice?" Appellant responded, "I am, Your Honor." (*Id. at* 6-7).

**{¶7}** In the colloquy that followed, the trial court informed Appellant of the rights he was waiving as a result of his guilty plea, and then reviewed the entire written plea agreement on the record. Appellant testified that he had previously reviewed the plea agreement with his counsel. Appellant waived all of his trial and appellate rights and entered guilty pleas to the charge of robbery and the amended charge of attempted kidnapping, in violation of R.C. 2923.02 and 2905.01(A)(2)(C). The trial court accepted Appellant's pleas and found him guilty of the foregoing charges. The sentencing hearing was scheduled for October 30, 2017.

**{¶8}** On September 27, 2017, Appellant filed a pro se motion pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) which was overruled as moot by the trial court on October 23, 2017. In his motion, Appellant sought information pertaining to the codefendants and witnesses in the case.

**{¶9}** On October 30, 2017, prior to the commencement of the sentencing hearing, Appellant's trial counsel filed a motion to withdraw guilty plea. Attached to the motion was a copy of a handwritten letter from Appellant to trial counsel, dated October 12, 2017, which reads, in its entirety, "I'm just informing you that I'm taking back my plea and would like to go to trial I'm done being stuck in here for something someone else did I also did a motion for Brady Material thank you have a nice day."

{¶10} The trial court converted the sentencing hearing into a motion hearing and heard oral argument on the motion to withdraw plea. Appellant restated the substance of his letter to trial counsel at the hearing – that he was not guilty of the crimes and did not want to waste years of his life in prison for the criminal behavior of others.

{¶11} The state provided the following summary of the evidence that would be offered at trial. Surveillance video captured Appellant and his codefendants entering a Burger King restaurant through the "drive-thru" window, which had been left open by a Burger King employee, who was complicit in the crime. Appellant was found at a residence located within a few miles of the crime scene and clothing was found in the residence that matched the clothing worn by one of the perpetrators that evening. Further, one of Appellant's codefendants had identified him as one of the perpetrators in his proffer, and another codefendant confirmed his involvement in the crime. The state argued that it would suffer prejudice if the motion to withdraw were granted, because one of the codefendants had already been sentenced.

{¶12} Citing our decision in *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 2000-Ohio-2638, 746 N.E.2d 197 (7th Dist.2000), the trial court observed that the timing of the motion was unreasonable because more than a month had passed since the plea hearing, and, further, that the state would suffer prejudice, because a witness for the prosecution had already been sentenced. (10/30/17 Tr. 17). The trial court opined that Appellant's plea colloquy had been thorough and his trial counsel had provided exemplary representation. The trial court tersely concluded that Appellant filed the motion to withdraw plea simply because he "[didn't] want to go to jail." (*Id.* at 18). The trial court further found that no evidence of Appellant's innocence had been offered at the hearing. Because Appellant had fully understood the elements of the crimes, the evidence that would be offered against him at trial, and the potential sentence prior to entering his plea, the trial court overruled the motion to withdraw and proceeded to sentencing.

## Analysis

{¶13} Appellant asserts three assignments of error, each challenging the validity of his plea:

### First Assignment of Error:

Appellant's plea of guilty was not knowingly, voluntarily and/or intelligently made**.**

**{¶14}** Guilty pleas are governed by Crim.R. 11. The notice requirements for non-constitutional rights incorporated in Rule 11 are subject to a substantial compliance analysis, which looks to the totality of the circumstances to ascertain whether the defendant subjectively understood the implications of his plea and the rights he waived. *State v. Rudai*, 7th Dist. No. 18 BE 0002, 2018-Ohio-4464, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). Strict compliance is required when notifying the defendant of constitutional rights incorporated in Rule 11. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

**{¶15}** A review of the record demonstrates that the trial court engaged in a required colloquy with Appellant regarding the nature of the charges against him, as well as the rights he was waiving as a part of his plea. Appellant specifically acknowledged that his plea was "freely and voluntarily made," and that he wanted to "waive all of [his] trial and appellate rights and go ahead with [the] plea." (8/29/17 Tr. 14). Appellant never expressed any equivocation to cast doubt on the voluntariness of his plea at the plea hearing.

**{¶16}** Nonetheless, Appellant contends that his "lack of criminal history, combined with his youth, quick pace at which the case was forced to proceed, evidence of reluctance to enter into a plea, concerns with the legal representation that was being provided to him and statements made by the Court prior to Appellant entering his plea give cause to believe the plea was not made knowingly, voluntarily and intelligently but rather entered into under pressure." (Appellant Brf. 7). However, an examination of the record reveals that Appellant's argument is unfounded.

**{¶17}** First, there is no evidence in the record that the matter was forced to proceed at a quick pace. Appellant was indicted on May 15, 2017. He failed to appear at a status conference on June 19, 2017 and a bench warrant was issued for his arrest.

He was held without bond for the remainder of the pretrial period. He signed a waiver of speedy trial rights on June 29, 2017 and trial was scheduled for July 31, 2017, then continued to August 29, 2017. Contrary to his argument, Appellant had ample time to consider the maximum possible sentences should he be convicted, and the considerable reduction in his sentence should he enter a guilty plea.

{¶18} Turning to Appellant's "evidence of reluctance," the trial court specifically asked Appellant to explain his decision to enter into a plea agreement with the state one day after he had expressed an unwillingness to plead and dissatisfaction with his counsel. Appellant was given ample opportunity to express his reservations, but, instead, he apologized to the trial court and articulated a thoughtful and compelling reason for accepting the plea deal.

{¶19} Based upon the record, the trial court complied with Crim.R. 11 before accepting Appellant's plea, and there is no evidence in the record that suggests Appellant's plea was involuntary. Accordingly, we find that the first assignment of error is meritless.

### Second Assignment of Error:

The trial court committed plain error by refusing to allow Appellant to withdraw his plea of guilty.

{¶20} Criminal Rule 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *State v. Reed,* 7th Dist. No. 04 MA 236, 2005-Ohio-2925, ¶ 7.

{¶21} In *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), the Ohio Supreme Court set forth the burden of proof and the standard of review for a motion to withdraw plea prior to sentencing:

We agree that a presentence motion to withdraw a guilty plea should be

Case No. 17 MA 0167

freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 3d 169, 173, 404 N.E.2d 144, 149.

**{¶22}** In *State v. Cuthbertson*, 7th Dist. No. 98CA133, 139 Ohio App.3d 895, 2000-Ohio-2638, 746 N.E.2d 197, we articulated the factors to be considered when determining whether a trial court abused its discretion in overruling a motion to withdraw plea: (1) whether a withdrawal will result in prejudice to the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing conducted by Crim.R. 11; (4) the extent of the hearing on the motion to withdraw; (5) the amount of consideration given to the motion by the court; (6) the timing of the motion; (7) the reasons given for the withdrawal; (8) the defendant's understanding of the charges and penalties; and (9) the existence of a meritorious defense. *Id.* at 898-899, citing *State v. Thomas,* 7th Dist. Nos. 96 C.A. 223, 96 C.A. 225, 96 C.A. 226, 1998 WL 934645, *4. No one of these factors is conclusive. *Cuthbertson* at 899.

**{¶23}** Based on the transcript of the October 30th hearing, the trial court thoughtfully analyzed each relevant factor in evaluating the motion to withdraw his guilty plea. Further, Appellant was given ample opportunity to articulate his reasons for seeking to withdraw his plea. As a consequence, we find that the hearing was sufficient and that the trial court gave full and fair consideration to the motion. Accordingly, we conclude that the trial court did not abuse its discretion when it overruled the motion to withdraw plea, and that Appellant's second assignment of error has no merit.

### Third Assignment of Error:

Case No. 17 MA 0167

Appellant was prejudiced and deprived of the effective assistance of trial counsel in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article 1 of the Ohio Constitution**.**

**{¶24}** To prove a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, that is, his performance fell below an objective standard of reasonableness, and this deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052 (1984). Appellant argues that his counsel was ineffective because the motion to withdraw his guilty plea was not filed until the day of the sentencing hearing, despite the fact that Appellant's handwritten letter was dated October 12, 2017. Appellant further argues that trial counsel did not vigorously argue the motion.

**{¶25}** With respect to the timing of the motion, the trial court observed:

This is a month after the plea was entered, and the world has turned. One of the defendants was already sentenced. That's one of the cooperating defendants who would give testimony against this defendant, whose testimony may now be unavailable because of the fact that his sentence has already been put into execution.

(*Id.* at 17).

**{¶26}** Appellant's handwritten letter attached to the motion to withdraw the guilty plea was dated October 12, 2017. Appellant contends that, if trial counsel had filed the motion immediately upon receiving Appellant's letter, then the trial court would have granted the motion to withdraw.

**{¶27}** Appellant's argument fails for two reasons. First, the trial court's determination that the timing of the motion was unreasonable was based on the fact that a month had passed since the plea was entered. Assuming arguendo that trial counsel filed the motion the day after he received Appellant's letter, the motion would still have been filed more than a month after the plea agreement was executed. Second, the trial court reasoned that the state suffered prejudice because one of the codefendants had

already been sentenced in the interim between Appellant's guilty plea and sentencing. Appellant argues that, had trial counsel timely filed a motion to withdraw, the state could have continued the codefendant's sentencing hearing until the motion to withdraw the guilty plea could be heard. This assertion is speculative at best, because the record is silent as to the date that the codefendant was sentenced.

**{¶28}** Next, Appellant asserts that "little, if any, argument was given in support of the Motion [to withdraw the plea]." (Appellant Brf. 12). Appellant was given ample opportunity to explain the reasons supporting his motion. Furthermore, the motion to withdraw the plea raises the same arguments Appellant raises here, namely that his "judgment was impaired when he entered his guilty plea to emotions of fear and panic," and as a result his plea was not knowingly, voluntarily, or intelligently made. (10/30/17 Motion 2). Appellant predicates his argument on the fact that he chose not to enter the plea and requested new counsel one day prior to the execution of the plea agreement. However, Appellant's decision to enter his guilty pleas on August 29, 2017 was fully explained in the record.

**{¶29}** Having reviewed the record, we find that Appellant has failed to show that counsel's performance fell below an objective standard of reasonable advocacy or that Appellant suffered any prejudice. As a consequence, we further find that Appellant's third assignment of error is meritless.

**{¶30}** Finally, we address sua sponte an error not raised by Appellant that nevertheless affects his substantial rights. See Crim.R. 52(B). At the sentencing hearing, the trial court imposed a four-year sentence for Appellant's robbery conviction and a three-year sentence for his attempted kidnapping conviction, to be served concurrently. (*Id.* 29-30). In the judgment entry, the trial court imposed a four-year term of imprisonment for each crime, to be served concurrently. (11/3/17 JE).

**{¶31}** Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence." Because a defendant is required to be present when sentence is imposed, it constitutes reversible error for the trial court to impose a sentence in its judgment entry different than the sentence announced at the sentencing hearing in defendant's presence. *State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, ¶ 53.

**{¶32}** If there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required. *State v. Reinthaler*, 7th Dist. No. 16 MA 0170, 2018-Ohio-2483, ¶ 9. Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Accordingly, this matter must be remanded so that the trial court can enter a nunc pro tunc entry reflecting the sentence imposed at the sentencing hearing. *Id.* at ¶ 16, *State v. Tesack*, 7th Dist. No. 15 JE 4, 2015-Ohio-5601, ¶ 18.

## Conclusion

**{¶33}** In summary, we find that Appellant's plea was freely and voluntarily entered, and, accordingly, the judgment of the trial court with regard to Appellant's motion to withdraw his plea is affirmed. However, this cause is remanded for a nunc pro tunc order memorializing the sentence imposed at the sentencing hearing.


Waite, P.J., concurs.

Robb, J., concurs.

Case No. 17 MA 0167

[Cite as *State v. Daviduk*, 2019-Ohio-1132.]

_____

## Affirmed

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed, but remanded for nunc pro tunc order for sentencing.  Costs are waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**