[Cite as *State v. Bowers*, 2022-Ohio-895.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ELIJAH OCEAH BOWERS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 MA 0034

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CR 424

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, Atty. Ralph M. Rivera*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorneys, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Joseph W. Gardner,* Joseph W. Gardner Co., LPA, 1386 NE River Road, Lake Milton, Ohio 44429, for Defendant-Appellant.

Dated: March 17, 2022

**D'Apolito, J.**

{¶1}   Appellant, Elijah O. Bowers, appeals from the November 17, 2020 judgment of the Mahoning County Court of Common Pleas sentencing him to a jointly recommended, indefinite sentence of 10 years (minimum) to 15 years (maximum) in prison for the rape of a minor child under the age of 13 and designating him a Tier III Sex Offender following a guilty plea.  On appeal, Appellant asserts his guilty plea was not made in a knowing, intelligent, and voluntary manner.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On July 30, 2020, Appellant was indicted by the Mahoning County Grand Jury on three counts: counts one and two, rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B); and count three, gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4) and (C)(2).[1]  Appellant retained counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.[2]

{¶3}   Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on November 5, 2020.  Appellant withdrew his former not guilty plea and entered a guilty plea to an amended count one, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2) and (B).  Pursuant to the Crim.R. 11(F) agreement, the parties agreed to a jointly recommended, indefinite sentence of 10 years (minimum) to 15 years (maximum) in prison.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and dismissed counts two and three.  The parties agreed to waive a PSI and proceed to sentencing at a later date.

---

[1] The charges stem from Appellant's involvement in sexual contact and sexual conduct with C.I., d.o.b. 10/16/2007.

[2] Appellant later filed a pro se "Motion to Revoke Time Waiver."  The trial court overruled that motion finding that Appellant had "knowingly, intelligently, voluntarily, and irrevocably waived his right to speedy trial in this case."  (9/24/2020 Judgment Entry).

Case No. 21 MA 0034

**{¶4}** On November 17, 2020, the trial court sentenced Appellant to the jointly recommended, indefinite sentence of 10 years (minimum) to 15 years (maximum) in prison for rape. The court labeled Appellant a Tier III Sex Offender and subjected him to five years of mandatory post-release control.

**{¶5}** Appellant filed a delayed appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**DEFENDANT-APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE.**

**{¶6}** In his sole assignment of error, Appellant argues his guilty plea was not made in a knowing, intelligent, and voluntary manner. Appellant alleges the trial court did not adequately explain the minimum and maximum penalties. Regarding his counsel's representation, Appellant contends that he "didn't completely agree to some of the stuff" and that the trial judge merely responded that his other option was to "just go to trial." (11/5/2020 Plea and Sentencing Hearing T.p., 5-6). Appellant concludes that there was no open colloquy and that he is, therefore, entitled to a new plea hearing. We disagree.

**{¶7}** Guilty pleas are governed by Crim.R. 11, which states in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶8} The notice requirements for constitutional rights, outlined within Crim.R. 11(C)(2)(c), are reviewed for strict compliance. *See State v. Howell,* 7th Dist. Monroe No. 17 MO 0018, 2019-Ohio-1806, ¶ 6; *State v. Daviduk*, 7th Dist. Mahoning No. 17 MA 0167, 2019-Ohio-1132, ¶ 14.

{¶9} The notice requirements for non-constitutional rights, outlined within Crim.R. 11(C)(2)(a)-(b), are reviewed for substantial compliance. *Howell* at ¶ 7. This also includes the notice of post-release control. *Id.,* citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 19-26. Regarding these non-constitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; instead, the trial court must substantially comply with its mandates." *State v. Root*, 7th Dist. Mahoning No. 07 MA 32, 2007-Ohio-7202, ¶ 14, citing *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Nero* at 108. "The test is whether the plea would have otherwise been made." *Id.*

{¶10} In this case, the record reveals the trial court strictly complied with the constitutional notice provisions as well as substantially complied with the non-constitutional notice provisions under Crim.R. 11.

{¶11} Regarding the constitutional provisions, pursuant to Crim.R. 11(C)(2)(c), Appellant was informed that by entering a guilty plea he was waiving the right to a jury trial, the right to confront witnesses against him, the right to subpoena witnesses to testify on his behalf, and the right to require the State to prove his guilt beyond a reasonable

doubt. (11/5/2020 Plea and Sentencing Hearing T.p., 7). Appellant was also advised that if he chose to go to trial he could not be compelled to testify and if he chose not to testify, his choice could not be commented on. (*Id.* at 7-8).

**{¶12}** Regarding the non-constitutional provisions, pursuant to Crim.R. 11(C)(2)(a)-(b), Appellant was additionally informed of the charge against him to which he was pleading guilty and indicated that he understood the nature of the charge. (*Id.* at 4-5). The trial judge then engaged in the following colloquy with Appellant regarding legal representation:

> THE COURT: Are you satisfied with the legal representation and advice you received from your lawyer?
>
> THE DEFENDANT: Some of it, yes.
>
> THE COURT: What does that mean?
>
> THE DEFENDANT: Semi.
>
> THE COURT: Okay. Now, you said that twice, so I need to know what that means.
>
> THE DEFENDANT: I just don't like some of the stuff - - I didn't completely agree to some of the stuff, but - -
>
> THE COURT: You know what you can do if you don't agree with this is just go to trial.
>
> THE DEFENDANT: But I definitely don't want to do that because I already know speaking to Tom, to my attorney, saying that if I do take it to trial, that it wouldn't look good on my end.
>
> THE COURT: Well, I don't know the details of your case, but a lawyer is supposed to advise you whether he thinks you should go to trial or not. Your lawyer has been around forever. He's a great lawyer.

Case No. 21 MA 0034

THE DEFENDANT: I definitely understand that. He's spoken to me about that on several occasions. So I do take his advice about not taking it to trial, so I do agree with him on that.

THE COURT: Okay. So as far as what you're doing is concerned, whether you agree with him or not, but as far as what you're doing and you going forward with this plea, are you satisfied with his legal representation and advice?

THE DEFENDANT: Yes, Your Honor.

(*Id.* at 5-6).

{¶13}  The trial court proceeded to inform Appellant of the minimum penalty (3-11 years) and that due to the agreed-upon minimum of 10 years, then the maximum penalty would be 15 years under the Reagan Tokes Law.  (*Id.* at 9-11, 27).  Appellant takes issue with the trial court talking about "this Reagan Tokes Law and the fact that [he has] a 10-year minimum, a 15-year maximum. The minimum can be less. The maximum can be a reality if indeed the APA is able to prove that [he] should stay in the penitentiary."  (*Id.* at 27).

{¶14}  Specifically, we stress that the court was clear as to the minimum sentence, stating "the bottom line is that you have to do 10."  (*Id.* at 11).  The court was also clear as to the maximum sentence, stating that if it accepted Appellant's guilty plea he could be sentenced "anywhere from 3 to 11 years in the penitentiary" but that in his case "the agreement is 10 years" for the minimum penalty.  (*Id.* at 9-11).  The court went on to state, "so this Reagan Tokes Law says I have to then divide that * * * maximum number by two. So if I do the 10, that's 5.  And then I have to add that to your maximum number, okay? * * * So that's where they come up with this 10 to 15 thing."  (*Id.* at 11).  Appellant replied "okay" multiple times revealing his understanding of the minimum and maximum penalties involved.  (*Id.* at 11-14, 27).

{¶15}  Appellant was then informed that he was not eligible for probation.  (*Id.* at 14).  The court also informed Appellant that upon acceptance of the plea, it could proceed with judgment and sentence.  (*Id.* at 22, 26-27).  The court then accepted Appellant's

guilty plea on the basis that it determined that the plea was entered into knowingly, intelligently, and voluntarily. (*Id.* at 21).

**{¶16}** Contrary to Appellant's position on appeal, there is no evidence in the record supporting his belief that he was confused and/or that the trial judge should have been more patient with him. Appellant never expressed confusion regarding his sentence and indicated he was satisfied with his counsel's representation. The trial judge engaged in a thorough exchange with Appellant prior to accepting his plea and sentencing him. There is also no evidence in the record supporting Appellant's belief that he is eligible for judicial release as the plea agreement never mentions that he is eligible for judicial release. In fact, Appellant is ineligible for judicial release because rape carries a mandatory prison term, as revealed in the signed plea agreement. *See* (11/5/2020 Plea Agreement, p. 3); *State v. Robinson*, 8th Dist. Cuyahoga Nos. 106676 and 106980, 2018-Ohio-4863, ¶ 23 ("A mandatory sentence for rape renders a defendant ineligible for judicial release.")

**{¶17}** The record establishes the trial court properly advised Appellant of the applicable mandatory sentence that he faced for rape, specifically the minimum and maximum penalties. Appellant's guilty plea was entered knowingly, intelligently, and voluntarily. The court strictly complied with the constitutional notice provisions as well as substantially complied with the non-constitutional notice provisions under Crim.R. 11. Appellant fails to establish any resulting prejudice. Appellant's jointly recommended, indefinite sentence of 10 years (minimum) to 15 years (maximum) in prison was authorized by law. *See* R.C. 2953.08(D); R.C. 2929.14(A)(1)(a); R.C. 2929.144.

## CONCLUSION

**{¶18}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The November 17, 2020 judgment of the Mahoning County Court of Common Pleas sentencing Appellant to the jointly recommended, indefinite sentence of 10 years (minimum) to 15 years (maximum) in prison for the rape of a minor child under the age of 13 and designating him a Tier III Sex Offender following a guilty plea is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**