[Cite as *State v. Gilmore*, 2023-Ohio-1503.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ZION QUINCY HAYNES GILMORE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0067**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 16

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Wesley A. Johnston*, P.O. Box 6041, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: May 4, 2023

**D'Apolito, P.J.**

{¶1}   Appellant, Zion Gilmore, appeals from the May 11, 2021 judgment of the Mahoning County Court of Common Pleas convicting and sentencing him to a jointly recommended, total indefinite sentence of 11 years (minimum) to 15 years (maximum) for involuntary manslaughter and aggravated burglary, both felonies of the first degree, following a guilty plea.[1]   On appeal, Appellant asserts his guilty plea was not made in a knowing, intelligent, and voluntary manner because the trial court did not strictly comply with Crim.R. 11(C)(2)(c) because it failed to specifically inform him of his right to a trial by jury.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On January 21, 2021, Appellant was indicted by the Mahoning County Grand Jury on five counts: count one, murder, an unclassified felony in violation of R.C. 2903.02(B), (D) and 2929.02(B) with a firearm specification; count two, aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(2) and (B), with a firearm specification; count three, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2) and (D)(1)(a) with a firearm specification; count four, having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(2), (3) and (B); and count five, intimidation of an attorney, victim or witness in a criminal case, a felony of the third degree in violation of R.C. 2921.04(B)(1) and (D). Appellant was appointed counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3}   Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on April 28, 2021.  Appellant withdrew his former not guilty plea and entered a guilty plea to an amended count one, involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A), (B), and (C)

---

[1] Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019.

with a firearm specification; and count two, aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(2) and (B) with a firearm specification.

{¶4} The written plea form, which Appellant went over with his counsel and affixed his signature on April 28, 2021, explains his non-constitutional and constitutional rights, including his right to a trial by jury. (5/11/2021 Plea of Guilty, p. 1-2). Specifically, the plea form states: "I understand that by my plea, I waive certain important and substantial constitutional and statutory rights, including my right to a trial by jury[.]" (*Id.*). The plea form further includes the parties' jointly recommended sentence of eight to 12 years on each charge, to be served concurrently, and acknowledged that the two three-year firearm specifications would merge, and be served prior to and consecutively to the other charges. (*Id.* at p. 5).

{¶5} During the plea hearing, the trial court also explained Appellant's non-constitutional and constitutional rights. (4/28/2021 Plea Hearing Tr., p. 8-25). At issue here is Appellant's constitutional right to a trial by jury which was addressed orally on the record as follows:

> THE COURT: * * * If you don't plead guilty, then you would go to trial. That's pretty much your options.
>
> And at trial, the State would have to prove beyond a reasonable doubt each and every element of each offense against you. So they would try and meet that burden by bringing whatever witnesses and evidence they have to present to the judge and jury.

(*Id.* at p. 8).

{¶6} On April 28, 2021, the trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and dismissed the remaining counts. (5/11/2021 Judgment Entry, p. 1). The parties waived a PSI and the court deferred sentencing. (*Id.* at p. 2).

{¶7} On May 11, 2021, the trial court sentenced Appellant to the jointly recommended, indefinite prison term of eight years (minimum) to 12 years (maximum) on each charge, to be served concurrently, and merged the two three-year firearm

specifications, to be served prior to and consecutively to the other charges, for a total indefinite sentence of 11 years (minimum) to 15 years (maximum). (5/11/2021 Sentencing Entry, p. 2-3). The court also subjected Appellant to five years of mandatory post-release control. (*Id.* at p. 3).

**{¶8}** Appellant filed a delayed appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH RULE 11'S CONSTITUTIONAL REQUIREMENT WHEN TAKING GILMORE'S PLEA.**

**{¶9}** In his sole assignment of error, Appellant argues his guilty plea was not made in a knowing, intelligent, and voluntary manner because the trial court did not strictly comply with Crim.R. 11(C)(2)(c) because it failed to specifically inform him of his right to a trial by jury.

**{¶10}** Guilty pleas are governed by Crim.R. 11(C), which states in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront

witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶11}** Appellant does not take issue with the notice requirements for any non-constitutional rights, outlined within Crim.R. 11(C)(2)(a)-(b), which are reviewed for substantial compliance. *See State v. Bowers*, 7th Dist. Mahoning No. 21 MA 0034, 2022-Ohio-895, ¶ 9. Rather, Appellant only takes issue with his right to a trial by jury, a constitutional right.

**{¶12}** The notice requirements for constitutional rights, outlined within Crim.R. 11(C)(2)(c), are reviewed for strict compliance. *See State v. Howell*, 7th Dist. Monroe No. 17 MO 0018, 2019-Ohio-1806, ¶ 6; *State v. Daviduk*, 7th Dist. Mahoning No. 17 MA 0167, 2019-Ohio-1132, ¶ 14. "When a trial court fails to strictly comply with the notice requirements relating to a defendant's constitutional rights, the plea is invalid without a demonstration of prejudice." *State v. Hill,* 7th Dist. Belmont No. 18 BE 0037, 2019-Ohio-4079, ¶ 9, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 30. "[A]n appellate court may rely on a written plea agreement where the trial court's colloquy relating to a particular constitutional right is ambiguous, but not where there is no mention whatsoever in the colloquy of the constitutional right." *Hill, supra,* at ¶ 11, citing *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 23-27.[2]

**{¶13}** In this case, as stated, the trial court did reference "jury" during the constitutional rights colloquy at the plea hearing as follows:

THE COURT: * * * If you don't plead guilty, then you would go to trial. That's pretty much your options.

---

[2] We note the case at bar is unlike *Hill* or *State v. Lanier*, 7th Dist. Belmont No. 21 BE 0030, 2022-Ohio-2024. In *Hill*, this court held there was no ambiguity and, thus, we could not rely on the appellant's waiver in the written plea agreement to validate the plea because the trial court only referred to "jury" during the *Alford* portion of the colloquy, not during the portion of the colloquy when the trial court both informed the appellant and determined that he understood that, by the plea, he was waiving his constitutional rights. *Hill, supra,* at ¶ 16-18. In *Lanier*, this court found error in the trial court's only advisement that the appellant was waiving his right to a "speedy and public trial." *Lanier, supra,* at ¶ 13-18.

And at trial, the State would have to prove beyond a reasonable doubt each and every element of each offense against you. So they would try and meet that burden by bringing whatever witnesses and evidence they have to present to the judge and jury.

(4/28/2021 Plea Hearing Tr., p. 8).

{¶14} The court's "judge and jury" reference at the plea hearing creates an ambiguity as to the explanation of Appellant's constitutional right to a trial by jury. As such, this court is permitted to look to other parts of the record to determine compliance, including the written plea agreement which, as stated, provides: "I understand that by my plea, I waive certain important and substantial constitutional and statutory rights, including my right to a trial by jury[.]" (5/11/2021 Plea of Guilty, p. 1-2). *See Hill, supra,* at ¶ 11, citing *Barker, supra*, at ¶ 23-27. Appellant went over the plea form with his counsel and affixed his signature to it on April 28, 2021.

{¶15} The record further reveals that at the beginning of the plea hearing, the State said this matter was set for a "jury trial" but the parties had reached a Crim.R. 11 agreement. (4/28/2021 Plea Hearing Tr., p. 2). In fact, the record shows this case was set for a trial by jury at least four times prior, and had been continued each time upon motions filed by Appellant. The record further reveals defense counsel stated at the plea hearing that he went over Appellant's "complete constitutional rights" with him prior to the plea and Appellant fully understood his rights. (*Id.* at p. 3).

{¶16} Regarding the constitutional notice provisions, in addition to the right to a trial by jury, Appellant was informed at the plea hearing that by entering a guilty plea he was waiving the right to confront witnesses against him, the right to subpoena witnesses to testify on his behalf, and the right to require the State to prove his guilt beyond a reasonable doubt. (*Id.* at p. 8-9). Appellant was also advised that if he chose to go to trial he could not be compelled to testify. (*Id.*)

{¶17} Accordingly, Appellant's guilty plea was entered knowingly, intelligently, and voluntarily. The trial court strictly complied with the constitutional notice provisions under Crim.R. 11(C)(2)(c), including at issue here, Appellant's right to a trial by jury. Appellant's jointly recommended, total indefinite sentence of 11 years (minimum) to 15 years

(maximum) was authorized by law. *See* R.C. 2953.08(D); R.C. 2929.14(A)(1)(a); R.C. 2929.144.

## CONCLUSION

**{¶18}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The May 11, 2021 judgment of the Mahoning County Court of Common Pleas convicting and sentencing Appellant to a jointly recommended, total indefinite sentence of 11 years (minimum) to 15 years (maximum) for involuntary manslaughter and aggravated burglary following a guilty plea is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**