[Cite as *State v. Lambert*, 2023-Ohio-1939.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GLENN C. LAMBERT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0080**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 10

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Martin E. Yavorcik*, 940 Windham, Suite 7, Boardman, Ohio 44512, for Defendant-Appellant.

Dated: June 12, 2023

**8 5 dc`]rcžP.J.**

{¶1}     Appellant, Glenn C. Lambert, appeals from the July 1, 2022 judgment of the Mahoning County Court of Common Pleas sentencing him to a total prison term of 16 years for sexual battery and gross sexual imposition and labeling him a Tier III Sex Offender following a guilty plea.  On appeal, Appellant asserts his plea was not made in a knowing, intelligent, and voluntary manner because the trial court did not adequately explain the difference between consecutive and concurrent sentences.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}     On January 14, 2021, Appellant was indicted by the Mahoning County Grand Jury on 13 counts: counts one through three and count 11, rape, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b) and (B); counts four and five, gross sexual imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4) and (C)(2); counts six through eight, rape, felonies of the first degree in violation of R.C. 2907.02(A)(2) and (B); counts nine and ten, gross sexual imposition, felonies of the fourth degree in violation of R.C. 2907.05(A)(1) and (C)(1); and counts 12 and 13, compelling prostitution, felonies of the third degre in violation of R.C. 2907.21(A)(1) and (C).[1] Appellant retained counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3}     Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on May 6, 2022.  Appellant withdrew his former not guilty plea and entered a guilty plea to amended counts one and 11, sexual battery, felonies of the second degree in violation of R.C. 2907.03(A)(1) and (B); and count four, gross sexual imposition, a felony of the third degree in violation of R.C. 2907.05(A)(4) and (C)(2).

---

[1] The charges stem from Appellant's involvement in sexual activity, sexual contact and/or sexual conduct with four victims beginning in 2018: (1) I.L., d.o.b. 1/25/2007; (2) A.W., d.o.b. 12/7/2013; (3) N.L., d.o.b. 8/2/1991; and (4) T.L., d.o.b. 2/17/1979.

**{¶4}** The written plea form, which Appellant went over with his counsel and affixed his signature, explained the State would be seeking a total prison term of 20 years. (5/10/2022 Plea of Guilty, p. 4). The plea form further explained Appellant could receive eight years on each of the two sexual battery counts as well as five years on the gross sexual imposition count. (*Id.* at p. 2).

**{¶5}** Similarly, during the plea hearing, the trial court informed Appellant as follows: that if the court accepted his plea, it could proceed to judgment and sentence; on amended counts one and 11 (sexual battery), he could go to prison for up to eight years on each count and fined $15,000; and on count four (gross sexual imposition), there is a maximum sentence of five years and a maximum fine of $10,000. (5/6/2022 Plea Hearing Tr., p. 7). Appellant replied to the trial judge that he understood the explanation of his potential maximum sentences. (*Id.*) The court proceeded again to inform Appellant the State would be seeking a total prison term of 20 years. (*Id.* at p. 7-8). Appellant replied he understood that as well as understood his counsel would argue for a lesser sentence. (*Id.*) The judge asked Appellant if he had any questions about the plea. (*Id.* at p. 9). Appellant responded, "No." (*Id.*)

**{¶6}** The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and dismissed all of the remaining counts. (5/10/2022 Judgment Entry). The court ordered a PSI and deferred sentencing. (*Id.*)

**{¶7}** At the sentencing hearing, pursuant to the plea hearing and Crim.R. 11 agreement, the State again argued for a 20-year sentence. (6/28/2022 Sentencing Hearing Tr., p. 4). Defense counsel argued for a lesser, unspecified term and Appellant apologized for his actions. (*Id.* at p. 9-19). The trial judge stated that "consecutive sentences are necessary to protect the public, to punish [Appellant]; that they are, in fact, not disproportionate, and that the harm was so great or unusual that a single term does not adequately reflect the seriousness of [Appellant's] conduct[.]" (*Id.* at p. 23).

**{¶8}** On July 1, 2022, the trial court sentenced Appellant to eight years on amended count one (sexual battery) and eight years on amended count 11 (sexual battery), to be served consecutively, and five years on count four (gross sexual imposition), to be served concurrently, for a total prison term of 16 years, with 530 days

of jail-time credit. The court stated, pursuant to R.C. 2929.14(C)(4), that "consecutive sentences are necessary in order to protect the public, to punish [Appellant], that consecutive sentences are not disproportionate, and that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." (7/1/2022 Sentencing Entry, p. 2). The court labeled Appellant a Tier III Sex Offender and subjected him to five years of mandatory post-release control.

{¶9} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE FAILURE OF THE TRIAL COURT TO ADEQUATELY EXPLAIN THE DIFFERENCE BETWEEN CONSECUTIVE AND CONCURRENT SENTENCES RESULTED IN APPELLANT NOT ENTERING A KNOWING, INTELLIGENT, AND VOLUNTARY GUILTY PLEA IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.**

{¶10} In his sole assignment of error, Appellant argues his guilty plea was not made in a knowing, intelligent, and voluntary manner because the trial court did not adequately explain the difference between consecutive and concurrent sentences.

{¶11} Guilty pleas are governed by Crim.R. 11(C), which states in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶12} The notice requirements for constitutional rights, outlined within Crim.R. 11(C)(2)(c), are reviewed for strict compliance. *See State v. Howell*, 7th Dist. Monroe No. 17 MO 0018, 2019-Ohio-1806, ¶ 6; *State v. Daviduk*, 7th Dist. Mahoning No. 17 MA 0167, 2019-Ohio-1132, ¶ 14.

{¶13} The notice requirements for non-constitutional rights, outlined within Crim.R. 11(C)(2)(a)-(b), are reviewed for substantial compliance. *Howell* at ¶ 7. Regarding these non-constitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; instead, the trial court must substantially comply with its mandates." *State v. Root*, 7th Dist. Mahoning No. 07 MA 32, 2007-Ohio-7202, ¶ 14, citing *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Nero* at 108. "The test is whether the plea would have otherwise been made." *Id.*

**{¶14}** In this case, the record reveals the trial court strictly complied with the constitutional notice provisions as well as substantially complied with the non-constitutional notice provisions under Crim.R. 11.

**{¶15}** Regarding the constitutional provisions, pursuant to Crim.R. 11(C)(2)(c), Appellant was informed that by entering a guilty plea he was waiving the right to a trial by jury, the right to confront witnesses against him, the right to subpoena witnesses to testify on his behalf, and the right to require the State to prove his guilt beyond a reasonable doubt. (5/6/2022 Plea Hearing Tr., p. 4-6). Appellant was also advised that if he chose to go to trial he could not be compelled to testify and if he chose not to testify, his choice could not be commented on. (*Id.* at p. 6).

**{¶16}** Regarding the non-constitutional provisions, pursuant to Crim.R. 11(C)(2)(a)-(b), Appellant was additionally informed of the charges against him to which he was pleading guilty and indicated he understood the nature of the charges. (*Id.* at p. 5). The trial court informed Appellant that on counts one and 11, he could go to prison for up to eight years on each count and a maximum fine of $15,000. (*Id.* at p. 7). The court informed Appellant that on count four, there is a maximum sentence of five years with a maximum fine of $10,000. (*Id.*) Thus, the court was clear as to the maximum sentences on each count and Appellant revealed his understanding of the potential sentences he faced. (*Id.*) Appellant was then informed he was not eligible for probation. (*Id.*) The court also informed Appellant that upon acceptance of the plea, it could proceed to judgment and sentence. (*Id.*) The court then accepted Appellant's guilty plea on the basis that it determined the plea was entered into knowingly, intelligently, and voluntarily. (*Id.* at p. 11).

**{¶17}** Appellant argues the trial court failed to inform him in the plea form and at the plea hearing of the maximum aggregate sentence by virtue of not explaining that his sentences could be ordered consecutively to one another. This same argument, however, was rejected by the Ohio Supreme Court and this court.

> In *State v. Johnson,* 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), the Ohio Supreme Court considered whether a defendant is required to be informed of the aggregate total prison term he or she faces. The *Johnson* Court clarified that when a defendant enters a guilty plea to multiple offenses,

"neither the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences h[e] faces(.)" *Id.* at 133. Further, the Court considered whether the failure to inform a defendant of an aggregate total prison term violated Crim.R. 11(C). *Id.* The *Johnson* Court ultimately concluded that a trial court properly complies with Crim.R. 11(C) by informing the defendant of the maximum sentence faced for each of the individual charged crimes. *Johnson,* at 134. Specifically, "(f)ailure to inform a defendant (* * *) that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2) and does not render the plea involuntary." *Id.* at syllabus.

*State v. Novoa*, 7th Dist. Mahoning No. 19 MA 73, 2021-Ohio-3585, ¶ 20.

**{¶18}** The record establishes the trial court properly advised Appellant of the applicable maximum penalties for each crime, i.e., eight years on each of the two second degree felony offenses (sexual battery) and five years on the third degree felony offense (gross sexual imposition). *See* R.C. 2929.14(A)(2)(b) and (3)(a).

**{¶19}** As stated, the written plea form explained the State would be seeking a total prison term of 20 years. (5/10/2022 Plea of Guilty, p. 4). The plea form further explained Appellant could receive eight years on each of the two sexual battery counts as well as five years on the gross sexual imposition count. (*Id.* at p. 2).

**{¶20}** Likewise, during the plea hearing, the trial court informed Appellant as follows: that if the court accepted his plea, it could proceed to judgment and sentence; on amended counts one and 11 (sexual battery), he could go to prison for up to eight years on each count and fined $15,000; and on count four (gross sexual imposition), there is a maximum sentence of five years and a maximum fine of $10,000. (5/6/2022 Plea Hearing Tr., p. 7). Appellant replied to the trial judge he understood the explanation of his potential maximum sentences. (*Id.*) The court proceeded again to inform Appellant the State would be seeking a total prison term of 20 years. (*Id.* at p. 7-8). Appellant replied he understood that as well as understood his counsel would argue for a lesser sentence.

Case No. 22 MA 0080

(*Id.*)  The judge asked Appellant if he had any questions about the plea.  (*Id.* at p. 9). Appellant responded, "No."  (*Id.*)

{¶21}  Accordingly, the record reveals Appellant was aware his sentences could be ordered consecutively as he acknowledged the State would be seeking a 20-year prison term, which could only result from consecutive sentences since the maximum penalty for any one offense was eight years.  Appellant's guilty plea was entered knowingly, intelligently, and voluntarily.  The trial court strictly complied with the constitutional notice provisions as well as substantially complied with the non-constitutional notice provisions under Crim.R. 11.  Appellant fails to establish any resulting prejudice.  Appellant's 16-year sentence was authorized by law.  *See* R.C. 2953.08(D); R.C. 2929.14(A)(2)(b) and (3)(a).

## CONCLUSION

{¶22}  For the foregoing reasons, Appellant's sole assignment of error is not well-taken.  The July 1, 2022 judgment of the Mahoning County Court of Common Pleas sentencing Appellant to a total prison term of 16 years for sexual battery and gross sexual imposition and labeling him a Tier III Sex Offender following a guilty plea is affirmed.

Waite, J., concurs.

Robb, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**